USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/25/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ILIANA LOPEZ, *on behalf of herself and all others similarly situated*,

      Plaintiff,

-against-

FOSTANI, LLC,

      Defendant.

1:23-cv-909-MKV

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff initiated this action by filing a complaint on February 3, 2023. [ECF No. 1]. After there was no activity in the case, including no responsive pleading by Defendants, on March 9, 2023, the Court issued an Order, directing Plaintiff to show cause "why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure" and putting Plaintiff "on notice that she is ultimately responsible for prosecuting her case, and [that] this case may be dismissed because of her chosen counsel's failure to prosecute her case." [ECF No. 6.]

  In response, Plaintiff filed a letter requesting a 30-day extension for Defendant to respond to the Complaint. [ECF No. 7.] The Court granted the request. [ECF No. 8.] No responsive pleading was filed and Plaintiff took no action to move the case forward. Accordingly, on April 11, 2023, the Court issued a **second** Order to Show Cause, again warning Plaintiff that "she is ultimately responsible for prosecuting her case" and noting that "this case may be dismissed because of her chosen counsel's failure to comply with court orders and prosecute her case." [ECF No. 9.] The Order to Show Cause further directed Plaintiff's counsel to explain "why she should not be sanctioned, in lieu of the harsher sanction of dismissal." [ECF No. 9.]

  Plaintiff then filed, and the Court executed, a stipulation extending Defendant's time to answer or otherwise respond to the complaint. [ECF Nos. 11, 12.] When no responsive pleading

was filed, the Court on May 22, 2023 issued a **third** Order to Show Cause, directing Plaintiff's counsel to "explain **again** why she should not be sanctioned, in lieu of the harsher sanction of dismissal." [ECF No. 13.] The Court warned that "this action **will be dismissed in the event that her chosen counsel again fails to comply with court orders and prosecute this case**." [ECF No. 13.]

In response, Plaintiff filed, and the Court executed, a stipulation further extending Defendant's time to answer or otherwise respond to the complaint to June 16, 2023. [ECF No. 15.] The Court warned in upper case letters and bold face that there would be "NO FURTHER EXTENSIONS." [ECF No. 15.] Even so, Defendant **again** failed to appear or respond.

Accordingly, the Court scheduled a hearing for today, July 25, 2023 at 12:00 PM, and directed counsel to "be prepared to show cause why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and why she should not be sanctioned, in lieu of the harsher sanction of dismissal." [ECF No. 16.] The Court's Order also informed Plaintiff that "she is ultimately responsible for prosecuting her case and this **action may be dismissed because of her chosen counsel's repeated failure to comply with court orders and prosecute this case**." [ECF No. 16.] Despite this Court's *repeated* warnings, Plaintiff did not appear for the July 25 show cause hearing, or otherwise respond to this Court's fourth Order to Show Cause. [ECF No. 16.] Defendant also failed to appear at today's hearing.

Federal Rule of Civil Procedure 41(b) empowers district courts to dismiss a case where "the plaintiff fails to prosecute or . . . comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). District courts may dismiss for failure to prosecute *sua sponte*. *Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001).

The Second Circuit has explained that "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Lewis v. Rawson*, 564 F.3d 569,

575–76 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). The Second Circuit applies five factors in determining whether a case was properly dismissed for failure to prosecute: (i) the duration of plaintiff's failure; (ii) whether plaintiff was on notice that failure to comply would result in dismissal; (iii) whether defendants are likely to be prejudiced by further delay; (iv) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (v) whether the court has adequately considered a sanction less drastic than dismissal. *See, e.g., Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). No one factor is dispositive. *Id.*

Considering these five factors, the Court finds that dismissal is appropriate in this case. First, Plaintiff's conduct has caused this matter to drag on—without Defendants so much as appearing—for nearly seven months. *See Chavis v. City of New York*, No. 17-CV-9518, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, No. 17-CV-9518, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018) (dismissing action where "the delay in the prosecution" was "solely attributable to plaintiff" and "persisted for four months"). Second, Plaintiff was warned on four separate occasions that further delays could result in dismissal. [ECF Nos. 6, 9, 13, 16.] Third, a federal action has been pending against Defendants for nearly seven months, and they are entitled to resolution. Fourth, the Court's interest in efficiently managing its docket outweighs Plaintiff's interest in a chance to be heard. Indeed, Plaintiff showed no interest in being heard since she has ignored the Court's numerous warnings and admonitions and failed to attend the show cause hearing scheduled for July 25. "[I]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Davison v. Grillo*, No. 05-CV-4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006). Finally, the Court has no reason to believe that any lesser sanction would alter Plaintiff's behavior, particularly given the Court's *repeated* warnings and, glaringly, Plaintiff's failure to

appear for this Court's scheduled show cause hearing. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008) ("[I]n light of Ruzsa's failure to respond to the notice threatening dismissal, it is . . . unclear that a lesser sanction would have proved effective in this case." (quotation marks omitted)).

Accordingly, this case is DISMISSED for failure to prosecute. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date: **July 25, 2023**
      **New York, NY**

                                **MARY KAY VYSKOCIL**
                                **United States District Judge**